IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| ANGELO MINI STORAGE, INC., § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 6:23-cv-020-C |
| § | | |
| AMCO INSURANCE COMPANY, § | | |
| *Defendant.* § | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANGELO MINI STORAGE, INC**, ("Plaintiff" or "Angelo") in the above styled and numbered cause, and files this its PLAINTIFF'S FIRST AMENDED COMPLAINT complaining of **AMCO Insurance Company** (sometimes referred to as "Defendant" herein), and in support hereof respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff, Angelo Mini Storage, Inc, is a domestic corporation, formed and existing under the laws of the State of Texas.

2. Defendant, AMCO Insurance Company, is organized under the laws of the state of Iowa and is a Texas-authorized insurance company permitted to conduct business in the state of Texas. Defendant may be served through its attorneys of record who have appeared in this action.

### II. JURISDICTION AND VENUE

3. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Tom Green County, Texas.

### III. STATUTORY NOTICE AND CONDITIONS PRECEDENT

5. Pursuant to § 542A.003 of the Texas Insurance Code and §17.505 of the Texas Business and Commerce Code, Plaintiff through counsel provided written notice to Defendant of the claims now made the subject of this action, including Plaintiff's claim for actual damages, in the manner and form required by law. Plaintiff has received a copy of such notice. Plaintiff affirmatively pleads compliance with the notice requirements of Tex. Ins. Code § 542A.003.

6. All other conditions precedent to Plaintiff's causes of action have been performed or have occurred. Pleading in the alternative, Defendant is estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract relevant to this claim.

### IV. FACTUAL BACKGROUND

7. Plaintiff is the owner of commercial property located at 4052 and 6233 Arden Road, San Angelo Texas 76901 (the "Property"). On or about May 21, 2020, the Property was damaged as a result of hail and wind during a storm event.

8. Defendant issued commercial insurance policy ACP CPAA3028618175 (the "Policy") to Plaintiff which covered the Property from certain damages or losses incurred including hail damage during a storm event (the "Storm"). The Policy issued by Defendant insured the Property from December 12, 2019 to December 12, 2020.

9. Plaintiff would show it timely filed a claim with Defendant as required under the Policy for the repair or replacement of the damages to the Property caused by hail and wind during the storm event. Plaintiff initiated a claim under the Policy and made demand for payment on

Defendant for the damages to the Property covered under the Policy. That claim was designated claim 568140-GK (the "Claim").

10. After receiving the Claim, Defendant's representative Owen Tolson ("Tolson") performed on-site visual observations of the exterior roofing systems of the Property. Following a review of Tolson's report summarizing his observations, Defendant concluded the damage was caused by the Storm. Defendant then omitted significant areas of covered losses from its valuation of Plaintiff's loss and improperly concluded that the loss was "Cosmetic". Damage is considered "Cosmetic" where "the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the siding, but such damage does not prevent the roofing system from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred." Defendant therefore improperly concluded that significant marring which materially affected the function and longevity of the property was not covered. This conclusion is a complete misrepresentation of the actual loss, which Defendant knew or should have known early in the investigation. To date, Defendant has not paid for necessary costs to repair or replace significant damage covered under the Policy and caused by the storm event.

11. Defendant has both (a) failed to conduct a proper investigation of Plaintiff's Claim, and (b) failed to properly or in good faith review or adjust the Claim pursuant to the Policy prior to its denial of the Claim. Defendant's adjuster failed to determine the full extent of storm damages to the Property, undervalued the Property's damages, and failed to accurately quantify the necessary expenses involved in repairing and replacing the storm-damaged portions of the Property.

12. Plaintiff retained a roof service company to investigate and provide an estimate regarding the damages sustained to the Property. Plaintiff's consultant concluded that the damage

to the Property caused by the Storm was far more significant than concluded by Tolson. Based on this investigation, Plaintiff would show that the reasonable costs for the necessary scope of work total $1,156,386.42. Defendant's intentional and knowing unconscionable activity in failing to adopt and implement reasonable standards for prompt investigation of claims violates §17.50(a)(4) of the Texas Deceptive Trade Practices Act and Chapters 541 and 542 of the Texas Insurance Code.

13. On March 16, 2022, Plaintiff sent to Defendant a Notice of Claims pursuant to the Texas Deceptive Trade Practices Act and Chapters 541 and 542 of the Texas Insurance Code, asking Defendant to re-evaluate the estimate of Plaintiff's loss from the Storm.

## V. CAUSES OF ACTION

**A.  Breach of Contract.**

14. Plaintiff incorporates and re-alleges all of the facts set forth in Paragraph VI. above as if set forth fully at length herein.

15. Plaintiff and Defendant entered into the Policy in which Defendant agreed to provide the necessary scope of repairs for damage to the Property for the covered damages caused to the Premises and furnish all necessary labor and materials according to the terms of agreement outlined in the Policy. The Policy is a binding and enforceable insurance contract between the parties.

16. Plaintiff has complied with its obligations as required and necessary under the express terms of the Policy with Defendant or has been prevented by Defendant from doing so. All conditions precedent to Plaintiff's right of recovery pursuant to the Policy have occurred.

17. As a result of Defendant's refusal to comply with its obligations to Plaintiff under the Policy, Defendant has breached the Policy with Plaintiff.

18. Defendant's breach of the Policy proximately caused Plaintiff's injuries and damages, all of which were reasonably foreseeable to Defendant.

19. Plaintiff is entitled to reasonable attorneys' fees as allowed by Texas Civil Practice & Remedies Code §38.001 *et seq*. and the Texas Insurance Code. Plaintiff presented demand for its reasonable attorneys' fees on March 16, 2022, therefore more than sixty (60) days have expired since Plaintiff first presented demand for payment to Defendant. Plaintiff retained the undersigned counsel to recover the amounts owed. Defendant is bound and obligated to pay Plaintiff for the reasonable attorneys' fees and costs related to the collection of such sums pursuant to the provisions of Texas Civil Practice & Remedies Code §38.001 *et seq*. and the Texas Insurance Code. All conditions precedent to Plaintiff's right of recovery have occurred or have been prevented by Defendant's conduct. Plaintiff has complied with all pre-suit requirements of the Texas Insurance Code prior to the filing of this lawsuit.

**B. Violation of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.**

20. Plaintiff adopts the foregoing allegations set forth above.

21. Plaintiff further files this action against Defendant pursuant to § 17.41 of the Texas Business and Commerce Code, commonly known as the Deceptive Trade Practices Act (the "DTPA") and chapters 541, 542, and 542A of the Texas Insurance Code.

22. Defendant was given written notice of the claims made the subject of this action, including a statement of Plaintiff's economic damages and attorney's fees and expenses before the suit was filed as required by the DTPA and the Texas Insurance Code. Tex. B. & Comm. Code § 17.505(a); Tex. Ins. Code § 542A.003. All conditions precedent to assert Plaintiff's statutory claims have been performed or have occurred.

23. Defendant is guilty of false, misleading, or deceptive acts or practices in the conduct

of any trade or commerce in violation of the DTPA in the following respects:

    a. Defendant violated Section 17.46(b)(5) of the Texas Business and Commerce Code by representing that its goods or services would have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have;

    b. Defendant violated Section 17.46(b)(7) of the Texas Business and Commerce Code by representing that goods or services would be of a particular standard, quality, or grade when they were of another;

    c. Defendant violated Section 17.46(b)(9) of the Texas Business and Commerce Code by advertising goods or services with an intent not to sell them as advertised;

    d. Defendant violated Section 17.46(b)(12) of the Texas Business and Commerce Code by representing that an agreement confers or involves rights, remedies, or obligations which it did not have or involve;

    e. Defendant violated Section 17.50(a)(2) of the Texas Business and Commerce Code by breaching express or implied warranties that the services contracted for would be as represented and fit for the particular purpose for which they were purchased, namely, the repair or replacement of commercial property damaged by a covered loss;

    f. Defendant violated Section 17.50(a)(3) of the Texas Business and Commerce Code by using false, misleading, or deceptive acts or practices that were unconscionable actions or courses of action by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and/or that resulted in a gross disparity between the value received and consideration paid; and

    g. Defendant violated Section 17.50(a)(4) of the Texas Business and Commerce Code by using or employing an act or practice in violation of Chapter 541 of the Texas Insurance Code through its failure "in good faith to effectuate prompt, fair, and equitable settlement of claims" and to compel its policyholder to institute this lawsuit to recover the amount due under the Policy by offer substantially less than the amount ultimately recovered.

24.    Plaintiff also sues to recover court costs and reasonable attorneys' fees pursuant to Section 17.50(d) of the Texas Business and Commerce Code.

5.12    In addition, Plaintiff violated multiple provisions of the Texas Insurance Code by:

    a. Engaging in unfair claim settlement practices prohibited by Ch. 541 of the Texas Insurance Code as incorporated into the orders of the Texas State Board of Insurance;

    b. Failing "to adopt and implement reasonable standards for prompt investigation of claims arising under (its) policies" in violation of Sec. 542.003(b)(3);

    c. Failing to, in good faith, "effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear in violation of Sec. 542.003(b)(4);

    d. Compelling policyholders to institute suits to recover amounts due under "its policies" by offering them substantially less than the amounts ultimately recovered in suits brought by them in violation of Sec.542.003(5); and

    e. Engaging in "fallacious, misleading or deceptive acts or practices" in violation of §17.46 of the DTPA.

  25. This suit arises out of the acts and omissions of Defendant in improperly adjusting and wrongfully failing to pay Plaintiff's Claim and in engaging in unfair claim settlement practices, including as described above. Defendant engaged in a concerted outcome-oriented claims process in an attempt to avoid payment of Plaintiff's valid Claim. Specifically, Defendant engaged in unlawful practices prohibited by Chapters 541 and 542 of the Texas Insurance Code, including but not limited to:

    a. Failing to properly and fairly adjust the Claim;

    b. Failing to fully investigate the Claim;

    c. Purposefully ignoring, omitting, and/or undervaluing the Claim;

    d. Failing to provide a reasonable response to the insured;

    e. Misrepresenting material facts and deceiving the insured;

    f. Misrepresenting and deceiving the insured by failing to promptly pay the claim;

    g. Misrepresenting and engaging in an actual/attempted fraud upon the insured;

    h. Breaching its duty of good faith and fair dealing; and/or

j. Delaying and failing to promptly and fairly process and pay all or part of the the Claim more than sixty (60) days after receiving all items, statements, and forms requested and required.

## VI. INTEREST

26. Plaintiff would further show the Court that it is entitled to recover both prejudgment interest and post-judgment interest as provided by law.

## VII. ATTORNEY'S FEES

27. Because of Defendant's conduct, Plaintiff has been compelled to engage the services of the undersigned attorneys to prosecute the action. Plaintiff is therefore entitled to recover from Defendant the reasonable and necessary services of the undersigned attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas pursuant to §38.01 of the Texas Civil Practice and Remedies Code, § 17.50(d) of the Texas Business and Commerce Code, 541.152 of the Texas Insurance Code, and/or any other applicable law authorizing such recovery.

## VIII. EXEMPLARY DAMAGES

28. Plaintiff would further show that Defendant's breach was aggravated by the kind of fraud and intent for which the law allows the imposition of exemplary damages. Defendant's conduct included the making of material misrepresentations that were false and either known by Defendant to be false or made as a positive assertion with reckless disregard for the truth with the intent that Plaintiff relies on those misrepresentations. Plaintiff did rely on those misrepresentations and suffered harm as a result.

29. Plaintiff therefore seeks exemplary damages in an amount to be assessed by the trier of fact.

## IX. DEMAND FOR JURY TRIAL

30. Plaintiff hereby reasserts and renews its prior demand for a trial by jury.

## X. PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANGELO MINI STORAGE, INC, requests that judgment be entered against Defendant, AMCO INSURANCE COMPANY, and upon final trial, Plaintiff have and recover from Defendant:

a. Judgment for the benefits payable to Plaintiff under the Policy;

b. Actual damages for the harm suffered by Plaintiff in a sum as found by the trier of fact;

c. For Defendant's knowing conduct in violation of the Texas Insurance Code and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages;

d. For Defendant's intentional conduct in violation of the Texas Insurance Code and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages and mental anguish damages;

e. For Defendant's knowing or intentional conduct in violation of the Texas Insurance Code and/or the DTPA and/or breach of its duty of goody faith and fair dealing, Plaintiff's mental anguish damages as found by the trier of fact;

f. For Defendant's noncompliance with the Texas Insurance Code's prompt payment of claims provisions, penalty interest calculated by adding 5% to the interest rate set by § 304.003 of the Texas Finance Code;

g. Exemplary and/or enhanced or statutory damages as found by the trier of fact;

h. Plaintiff's reasonable and necessary attorneys' fees;

      i.      Plaintiff's costs of court;

      j.      Pre-judgment interest and post-judgment interest as otherwise allowed by law; and

      k.      All such other and further relief, at law or equity, to which Plaintiff may be justly entitled.

Dated: August 1, 2023.

Respectfully submitted,

/s/ *Randal L. Dean*
Randal L. Dean, SBN 00789249
E: rdean@brownpruitt.com
Brown Pruitt Wambsganss Dean
Forman & Moore, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
T: (817) 338-4888; F: (817) 338-0700

**ATTORNEYS FOR PLAINTIFF**
**ANGELO MINI STORAGE, INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the Court's CM/ECF filing System on this the 1st day of August, 2023.

*/s/ Randal L. Dean*_____
Randal L. Dean